**In re Rachele M. GAINES, Respondent.**

**A Member of the Bar of the District of Columbia Court of Appeals (Bar Registration No. 463314).**

**No. 10–BG–891.**

District of Columbia Court of Appeals.

Decided Oct. 14, 2010.

Before FISHER and THOMPSON, Associate Judges, and NEWMAN, Senior Judge.

**ORDER**

PER CURIAM:

Bar Counsel received two complaints against the respondent, Rachele Gaines, in 2003. Thereafter Bar Counsel opened two investigations. The first matter, BDN 256–03, concerned counsel's failure to represent the interests of her client, who was an incapacitated ward, hereinafter referred to as Shannon. After respondent had been appointed as Shannon's guardian, she failed to visit him, attend review meetings, or file required reports with the court. Respondent also failed to take necessary actions after she received notice of the proposed decertification of Shannon's Medicaid eligibility. Upon notice of this lapse, the court directed respondent to attend a hearing on why she should not be removed as Shannon's guardian. Respondent was removed as Shannon's guardian after she failed to attend the court hearing.

The second matter, BDN 475–07, concerned respondent's actions in a personal injury case filed for her client, hereinafter referred to as Ramirez. Respondent failed to secure service of the complaint on the defendant, resulting in dismissal of the complaint. Thereafter, respondent failed to inform Ramirez that the matter had been dismissed, and also failed to inform him that she had left the employment of the firm that was contracted to handle his lawsuit. Additionally, respondent filed misleading documents in the court in her attempt to have the lawsuit reinstated.

On October 30, 2009, the parties filed a Petition for Negotiated Discipline and supporting Affidavit with the Board on Professional Responsibility "Board" in which they stipulated to the preceding facts and agreed that respondent had committed numerous violations of the District of Columbia Rules of Professional Conduct.[1] The

---

1. These included violations of: R. 1.1 when she failed to competently represent her clients; R. 1.3(a) & (c) when she failed to promptly and zealously represent both clients; R. 1.4(b) when she failed to keep both clients informed so that informed decisions could be made; R. 1.5(b) when she failed to provide Ramirez with a rate of fee; R. 3.3(a)(1) when she filed a motion with the Superior Court that included a misrepresentation that was based on information provided to her without checking its accuracy; R. 1.14(a) when she failed to adequately represent Shannon, a client with diminished capacity; R. 8.4(c) when she filed a motion with the court that contained misrepresentations; and R. 8.4(d) when she failed to appear for court hearings.

parties also agreed that a thirty-day suspension, stayed in favor of one year of unsupervised probation with a CLE requirement, was the appropriate sanction in this case.

The Board referred the petition to Hearing Committee Number Eight. A hearing was held on December 15, 2009, and respondent reaffirmed her admission to all of the factual allegations in the petition; acknowledged that each constituted a violation of the Rules of Professional Conduct; and stated that she understood the ramifications of the proposed sanction, and had not been coerced, placed under duress, or promised anything that was not contained in the petition.[2] However, in an order dated March 3, 2010, the Committee directed Bar Counsel to supplement the record to confirm that Bar Counsel was indeed dismissing the originally charged violations of R. 1.3(b)(1) & (2) in BDN 475-07. In response, Bar Counsel filed an amended petition on March 15, 2010. The Hearing Committee then held a limited hearing on May 11, 2010, to address the amended petition specifically to review those violations that Bar Counsel agreed not to prosecute as part of the negotiated discipline. Thereafter the Committee issued its report finding that the record supported the violations and that respondent entered into the agreement voluntarily. The Committee further found that upon review of the circumstances surrounding the two events and in light of respondent's cooperation with Bar Counsel and the facts that she had not suffered any further lapses in judgment since the acknowledged events and had completed the CLE training, the negotiated sanction recommended was within the range of discipline for other similar disciplinary violations. It is this report and recommendation that are before the court.[3]

Having reviewed the report and recommendation in accordance with our procedures in uncontested discipline cases,[4] we accept the Hearing Committee's Report and Recommendation approving the petition for negotiated discipline. The Hearing Committee reviewed the circumstances of the disciplinary events, weighed the mitigating circumstances, and found that the negotiated discipline falls within the range of discipline imposed for similar actions.

Accordingly, it is,

**ORDERED** that Rachele M. Gaines is suspended from the practice of law in the District of Columbia for the period of thirty days; however, the suspension is hereby stayed in favor of one year of unsupervised probation. This court notes that the CLE requirement has already been satisfied.

*So ordered.*

2. Bd. Prof. Resp. R. 17.5; D.C. Bar R. XI, § 12.1(c) (2009).

3. Bd. Prof. Resp. R. 17.6.

4. D.C. Bar R. XI, § 12.1(d) (2009).